In the Matter of the Probate of the Last Will and Testament of STEPHEN TOWNSEND, Deceased.

*Probate of will — testamentary capacity.*

It is essential that a testator have sufficient capacity to comprehend perfectly the condition of his property, his relation to the persons who are, or should, or might be the objects of his bounty, and the scope and bearing of the provisions of his will. He must have a sufficiently active memory to collect in his own mind, without prompting, the particulars or elements of the business to be transacted, and to hold them in his mind a sufficient length of time to perceive at least their obvious relations to each other, and to be able to form some rational judgment in relation to them.

APPEAL by the contestants, Coleman S. Townsend and others, from a decree of the surrogate of Putnam county, entered in the office of the clerk of the Putnam County Surrogate's Court on the 14th day of September, 1893, admitting to probate an instrument alleged to be the last will and testament of Stephen Townsend, deceased.

*Eugene B. Travis*, for the contestants, appellants.

*Clayton Ryder* and *Geo. E. Anderson*, for the proponents, respondents.

PRATT, J. :

This is an appeal from a decree of the surrogate of Putnam county, admitting to probate the will of Stephen Townsend, deceased. The appellants contested the probate of the will, claiming that the will was not testator's free act ; that he was not capable of making a will, and was not of sound- mind, and that the will was not executed as required by law. The proof of the due execution of the will was ample, and we see nothing to criticise either in the admission or rejection of evidence by the surrogate. His rulings seem to us to have been correct.

The only questions remaining for our consideration are : *First*, was the testator unduly influenced to make the will ; and, *second*, had he mental capacity to make the will.

As to the first, it is sufficient to say that there was not only no proof of any influence, but positive evidence from the one who

drew the will, the husband of decedent's granddaughter, that the deceased asked him to draw it, and stated that he had made advances to certain of his nine children, giving the amount advanced to each, and wished to divide his property among them so that each should be charged with what he or she had received, and so all share equally. Accordingly Parker drew the will, and explained to the testator how the different proportions were arrived at. There was no evidence to show what sums the testator had advanced to each of his children, and in the absence of such evidence, and the testimony of Parker, it may be presumed that the disposition of the testator's estate was not an unequal one.

A more serious question is that of testator's capacity to make a will. He was a farmer, about eighty years old, working on his farm, and attending to its management. The testimony of the witnesses as to his mental condition was conflicting. They were before the surrogate, and we are not disposed to reverse his decision. It seems to us that the weight of evidence was decidedly in favor of the proponent.

Upon the question of testamentary capacity the law is well settled, and in the leading case of *Delafield* v. *Parish* (25 N. Y. 9) is stated as follows : " It is essential that the testator has sufficient capacity to comprehend perfectly the condition of his property, his relation to the persons who were, or should, or might have been the objects of his bounty, and the scope and bearing of the provisions of his will. He must, in the language of the cases, have sufficient active memory to collect in his mind, without prompting, the particulars or elements of the business to be transacted, and to hold them in his mind a sufficient length of time to perceive at least their obvious relations to each other, and to be able to form some rational judgment in relation to them. A testator who has sufficient mental power to do these things is, within the meaning and intent of the Statute of Wills, a person of sound mind and memory, and is competent to dispose of his estate by will."

The decree of the surrogate should be affirmed, with costs.

DYKMAN and CULLEN, JJ., concurred.

Decree of the surrogate affirmed, with costs to the respondent, to be paid out of the estate.